NOTICE
Decision filed 08/07/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241000-U

NO. 5-24-1000

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| ROBERT DORMAN and DOUGLAS HULME | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | No. 21-L-454 |
| THE CITY OF EDWARDSVILLE, | ) | |
| THE CITY OF GRANITE CITY, | ) | |
| THE CITY OF ALTON, and | ) | |
| THE CITY OF COLLINSVILLE, | ) | |
| all Illinois Municipal Corporations, | ) | Honorable |
| | ) | Sarah D. Smith, |
| Appellees-Defendants. | ) | Judge, presiding. |

JUSTICE CLARKE delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.[*]

**ORDER**

¶ 1    *Held*: The August 28, 2024, order dismissing the plaintiffs' amended complaint for improper claim splitting is affirmed. Because that determination is dispositive, we do not address the plaintiffs' additional challenges to the circuit court's May 7, 2024, orders denying substitution and quashing subpoenas.

¶ 2    The plaintiffs, Robert Dorman and Douglas Hulme, appeal the August 28, 2024, order dismissing their amended complaint for improper claim splitting, and challenge the circuit court's

---

[*] Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992). Justice Clarke was substituted on the panel and has listened to oral arguments and read the briefs.

May 7, 2024, order denying their petition to substitute all judges of the Third Judicial Circuit and quashing subpoenas related to said petition. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      The plaintiffs were terminated by Madison County in April 2020 following Board meetings addressing their employment. At the time, a Madison County Public Corruption Task Force (Task Force)—initially convened in 2018 to investigate allegations of misconduct within county government—had conducted an investigation that included the plaintiffs, and the Illinois Attorney General later determined that the investigation did not support criminal charges. In their various lawsuits, including this one, the plaintiffs allege that their terminations were connected to the Task Force's activities and the dissemination of information arising from that investigation. The present action arises from those circumstances.

¶ 5                             A. Relevant Litigation History

¶ 6      On May 1, 2020, the plaintiffs filed their first action against Madison County in Madison County case No. 2020-CH-196. In that action, the plaintiffs sought administrative review of the County Board's decision and alleged that their terminations violated due process protections under the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 2, of the Illinois Constitution. The circuit court dismissed the action with prejudice, and this court affirmed. *Dorman v. Madison County*, 2023 IL App (5th) 220320-U.

¶ 7      On June 8, 2020, the plaintiffs filed a second action against Madison County in Madison County case No. 2020-MR-575. That action alleged that Madison County violated the Open Meetings Act (5 ILCS 120/1 *et seq.* (West 2018)) by discussing the plaintiffs' terminations during executive sessions at the April 15 and 16, 2020, County Board meetings. The circuit court entered

summary judgment in favor of Madison County, and this court affirmed. *Dorman*, 2023 IL App (5th) 220320-U.

¶ 8                                    B. Present Action

¶ 9      On April 15, 2021, the plaintiffs filed the present action in the Circuit Court of Madison County, naming as defendants the City of Edwardsville, the City of Alton, the City of Granite City, and the City of Collinsville—all Illinois municipal corporations whose police officers participated in the Task Force. The original two-count complaint alleged tortious interference with the plaintiffs' employment contracts and whistleblower/retaliatory discharge. It asserted that "Madison County deputy sheriffs who were members of a public corruption task force which was made up of sheriff's deputies employed by Madison County but who also were agents and employees of the defendants herein" induced the Madison County Board to terminate the plaintiffs' employment by making false accusations and "calling for the termination of plaintiffs' employment."

¶ 10     On August 12, 2021, the City of Edwardsville and City of Alton filed a joint motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)), arguing that the complaint failed to state a claim and did not allege facts against any specific defendant. The City of Granite City filed a similar motion on August 26, 2021. After continuances and briefing, Judge Sarah Smith granted the motions to dismiss on March 24, 2022, but granted the plaintiffs leave to file an amended complaint within 30 days.

¶ 11     The plaintiffs did not file an amended complaint within the original deadline, and on May 10, 2022, all the defendants moved to dismiss for want of prosecution. Prior to ruling on that motion, on August 8, 2022, new counsel entered his appearance for the plaintiffs, and on August

3

26, 2022, the plaintiffs moved for leave to file an amended complaint. The court granted leave on September 2, 2022, and the plaintiffs filed their amended complaint on September 23, 2022.

¶ 12     The amended complaint expanded the case to 24 counts, including tortious interference, violation of the eavesdropping statute, conspiracy/whistleblower claims, defamation, intentional infliction of emotional distress, and claims for punitive damages, all arising from the Task Force investigation and the events leading to the plaintiffs' terminations.

¶ 13     On November 1, 2022, the defendants filed a motion to dismiss under section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2020). The defendants argued that the doctrine of claim splitting barred all claims and, alternatively, failed to state a claim under Illinois law. The parties fully briefed the motion, with the plaintiffs filing a response on December 29, 2022, and the defendants filing a reply on March 16, 2023.

¶ 14     While the motion to dismiss was pending, on January 11, 2023, the plaintiffs filed a petition to substitute all judges of the Third Judicial Circuit for cause, alleging widespread prejudice due to the Task Force investigation and related courthouse gossip. Judge Smith denied the petition on February 22, 2023, finding no specific allegations of bias against her as presiding judge; thus, there was no duty to transfer the motion for another judge's determination, and she noted that substantive rulings had already been made in the case. The plaintiffs moved to reconsider, and the matter was taken under advisement after a hearing on July 27, 2023. On September 28, 2023, Judge Smith ordered the plaintiffs' petition to be assigned for hearing by an "out of county judge." Thereafter, Bond County Judge Christopher Bauer was assigned to hear the petition. The plaintiffs disputed Judge Bauer's assignment as he was a judge within the Third Judicial Circuit. On February 6, 2024, the Illinois Supreme Court ordered a judge outside the Third Judicial Circuit to be assigned to hear the petition by supervisory order. Judge Ericka Sanders of the Fourth Judicial Circuit was

4

subsequently assigned to hear the plaintiffs' petition to substitute all judges of the Third Judicial Circuit.

¶ 15    On May 7, 2024, Judge Sanders held a hearing on the petition to substitute all judges of the Third Judicial Circuit. The plaintiffs had attempted to subpoena several judges and law enforcement officers for evidence depositions, but Judge Sanders granted motions to quash the subpoenas and denied the plaintiffs' motion to continue the hearing. After considering the evidence and arguments, Judge Sanders denied the petition to substitute all judges, finding that the plaintiffs had not established the relevance or admissibility of the requested testimony and had not demonstrated actual prejudice by a preponderance of the evidence. The court further noted that Judge Smith had not been serving on the bench during the 2018 investigation and that only a portion of the circuit's judges had served during that period.

¶ 16    Following the May 7 ruling, the matter returned to Judge Smith. On June 27, 2024, Judge Smith heard argument on the defendants' motion to dismiss the amended complaint. On August 28, 2024, the circuit court entered a written order granting the defendants' motion to dismiss with prejudice, finding that the doctrine of claim splitting barred the plaintiffs' claims. The court detailed the plaintiffs' extensive litigation history, noting that they had filed numerous prior lawsuits against Madison County and related officials arising from the same operative facts, and concluded that the present action was an impermissible attempt to divide an entire and indivisible controversy into multiple lawsuits against different governmental participants involved in the same events. The plaintiffs filed a timely notice of appeal on September 18, 2024.

¶ 17                                    II. ANALYSIS

¶ 18    On appeal, the plaintiffs challenge two categories of rulings: (1) the May 7, 2024, orders denying their petition to substitute all judges of the Third Judicial Circuit for cause and quashing

5

subpoenas directed to certain Third Circuit judges and investigators and (2) the August 28, 2024, order dismissing their complaint for improper claim splitting.

¶ 19 Before turning to the merits, we address the effect of the claim splitting issue on the scope of this appeal. Illinois reviewing courts do not decide questions unnecessary to the disposition of the case. *Goral v. Dart*, 2020 IL 125085, ¶ 76 ("reviewing courts ordinarily will not consider issues that are not critical to the disposition of the case presented or where the result will not be affected regardless of how the issues are decided."). Likewise, an appellate court may affirm a judgment on any basis present in the record, even if the circuit court relied upon different grounds. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004). Here, if the circuit court correctly dismissed the complaint under section 2-619 based on claim splitting, that legal bar— reviewed *de novo*—independently requires affirmance. *In re Estate of Boyar*, 2013 IL 113655, ¶ 27 (A section 2-619 dismissal presents a question of law that is reviewed *de novo*). By contrast, even if the plaintiffs were to prevail on their judge-substitution or discovery arguments, the remedy would be vacatur of subsequent orders and remand to a properly assigned judge, but the dispositive legal defense would still have to be resolved on remand. See *Palos Community Hospital v. Humana Insurance Company, Inc.*, 2021 IL 126008, ¶ 34 (recognizing that orders entered after an erroneous denial of substitution are subject to vacatur). Because claim splitting, if applicable, defeats the action as a matter of law under section 2-619, no other asserted error could alter the ultimate disposition of this appeal.

¶ 20                                A. Rule 341(h)(7)

¶ 21 As an additional matter, we address the defendants' argument that the plaintiffs' opening brief violates Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), because it contains factual assertions unsupported by record citations and presents conclusory arguments lacking adequate

6

authority. The defendants rely on *Smith v. Walgreen Co.*, 2024 IL App (5th) 240394, ¶ 15, in which this court reiterated that parties must support their arguments with appropriate citations to the record and legal authority.

¶ 22 To the extent the plaintiffs' arguments concern the August 28, 2024, order dismissing the plaintiff's amended complaint based on claim splitting, the plaintiffs' briefing is sufficient to permit review. We therefore decline to find forfeiture under Rule 341(h)(7).

¶ 23 B. Claim splitting

¶ 24 We first consider whether the circuit court properly dismissed the plaintiffs' amended complaint pursuant to section 2-619 of the Code of Civil Procedure. 735 ILCS 5/2-619 (West 2022). A motion under section 2-619 admits the legal sufficiency of the complaint but asserts that the claim is defeated by affirmative matter avoiding its legal effect. *Boyar*, 2013 IL 113655, ¶ 27. Because dismissal under section 2-619 presents a question of law, our review is *de novo*. *Id.*

¶ 25 The sole issue is whether the plaintiffs' complaint is barred by the rule against claim splitting. Illinois recognizes claim splitting as an aspect of the doctrine of *res judicata*. *Lavite v. Dunstan*, 2019 IL App (5th) 170114, ¶ 40 ("Claim splitting, a form of *res judicata*, precludes a party from bringing a duplicative lawsuit arising from the same transaction or events underlying a previous suit by simply changing the legal theory."). The rule prohibits a plaintiff from dividing what is, in substance, a single cause of action into successive lawsuits. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 340 (1996). Where a cause of action is in its nature entire and indivisible, a plaintiff cannot divide it in order to maintain separate lawsuits but instead must assert all grounds of recovery arising from that cause of action in a single lawsuit. *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152, 154 (2010).

7

¶ 26    Illinois applies the transactional test to determine whether successive suits involve the same cause of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). Under that test, the inquiry is not whether the legal theories or requested reliefs differ but whether the actions arise from a single group of operative facts. *Id.* Thus, a cause of action is defined by the facts giving rise to the right to relief, not by the legal theories advanced. *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 10. Although one group of operative facts may support multiple theories of recovery, there remains only one cause of action. *Id.* Consequently, *res judicata* bars not only claims actually litigated but also those that could have been litigated in the earlier action. *Id.* ¶ 9.

¶ 27    The plaintiffs argue that claim splitting cannot apply because the present action names different defendants—the Cities of Edwardsville, Alton, Granite City, and Collinsville—rather than Madison County or the county officials named in earlier litigation. The circuit court rejected that argument, reasoning that the municipal defendants were alleged to have employed the officers who collectively formed part of the Madison County Public Corruption Task Force, and that their legal interests were therefore substantially aligned with those of the governmental defendants previously sued. In doing so, the court cited *Kapoor v. Fujisawa Pharmaceutical Co.*, 298 Ill. App. 3d 780 (1998), interpreting section 2-619(a)(3) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(3) (West 2022)) and the requirement of another action "between the same parties for the same cause." *Id*. There, the appellate court explained that, for purposes of section 2-619(a)(3), the parties "need not be identical" and that the "same parties" requirement is satisfied where the litigants' interests are sufficiently similar, even if they differ in name or number. *Kapoor*, 298 Ill. App. 3d at 786, 788-89. Although *Kapoor* addressed the "same parties" requirement under section 2-619(a)(3), rather than claim splitting as an aspect of *res judicata*, the circuit court properly relied on *Kapoor* for the limited proposition that Illinois courts look beyond the formal identity of parties

8

where the litigants represent substantially the same legal interests. Here, the plaintiffs themselves allege that the municipal defendants employed the officers who acted jointly with Madison County officials as members of the Madison County Public Corruption Task Force in carrying out the same investigation and events culminating in plaintiffs' termination. The complaint therefore alleges participation in the same operative transaction underlying the plaintiffs' prior actions.

¶ 28 Even assuming *Kapoor* does not control the claim splitting question presented here, the dispositive inquiry remains whether the present claims arise from the same group of operative facts. *River Park*, 184 Ill. 2d at 311. The amended complaint alleges that officers employed by these municipalities, while serving as members of the Madison County Public Corruption Task Force, participated in the investigation, dissemination of investigative information, and events leading to the plaintiffs' termination. Those allegations arise from the same nucleus of operative facts that formed the basis of the plaintiffs' earlier administrative, constitutional, and statutory actions. As the circuit court observed, the "cause of action in this matter is in its nature entire and indivisible—plaintiffs' wrongful termination claim," and "[a]ny cause of action or claim plaintiffs had relating to that termination and the facts surrounding that termination should have been filed in one action."

¶ 29 Likewise, the plaintiffs' reliance upon different legal theories is unavailing. Illinois defines a cause of action by the operative facts giving rise to the right to relief, not by the legal theories asserted. *Wilson*, 2012 IL 112898, ¶ 10. Thus, recharacterizing the same factual allegations as claims for eavesdropping, whistleblower retaliation, conspiracy, defamation, intentional infliction of emotional distress, or tortious interference does not create separate causes of action. *Id.*; *Green*, 401 Ill. App. 3d at 154. Each theory advanced in the amended complaint depends upon the same

9

investigation, the same alleged dissemination of information, and the same April 2020 termination that underlie the plaintiffs' prior litigation.

¶ 30    The circuit court correctly recognized that this case presents precisely the type of duplicative litigation prohibited by Illinois law. As *Rein* explains, the rule against claim splitting exists because a plaintiff ordinarily has one cause of action arising from a single transaction and may not litigate portions of that controversy in successive proceedings. *Rein*, 172 Ill. 2d at 339-40. Allowing the plaintiffs to proceed here merely because they have named additional governmental entities allegedly participating in the same Task Force investigation would undermine the finality of judgments and defeat the public policy that litigation should have an end.

¶ 31    In sum, the amended complaint arises from the same nucleus of operative facts that has given rise to the plaintiffs' numerous prior lawsuits. The addition of municipalities whose alleged liability derives from the same Task Force investigation, together with the assertion of new legal theories, does not transform that single controversy into a new cause of action. As the circuit court correctly recognized, the plaintiffs seek to divide what is, in substance, an "entire and indivisible" controversy into multiple lawsuits against different governmental participants involved in the same underlying events. Accordingly, the circuit court properly dismissed the amended complaint pursuant to section 2-619, and we affirm.

¶ 32    Having affirmed the circuit court's judgment on the dispositive issue of claim splitting, we decline to reach the remainder of the plaintiffs' arguments related to the May 7 orders. *Goral v. Dart*, 2020 IL 125085, ¶ 76 ("reviewing courts ordinarily will not consider issues that are not critical to the disposition of the case presented or where the result will not be affected regardless of how the issues are decided.").

¶ 33                                    III. CONCLUSION

¶ 34     For the foregoing reasons, we conclude that the plaintiffs' challenges to the May 7 orders do not require resolution because, even assuming error, those rulings would not alter the result of this appeal. The circuit court properly dismissed the plaintiffs' complaint under section 2-619 based on the rule against claim splitting. The present action arises from the same operative facts as the plaintiffs' numerous prior actions, and the plaintiffs cannot avoid this bar by naming additional governmental actors or by asserting the same termination-related allegations under new legal theories. Accordingly, we affirm the judgment of the circuit court.

¶ 35     Affirmed.